## Case No. 17,082.

### WALKER et al. v. PARKER et al.

### [5 Cranch, C. C. 639.] [1]

Circuit Court, District of Columbia. March Term, 1840.

DEPOSITIONS—NOTICE OF TAKING—EXCEPTIONS—WAIVER—COMPETENCY OF WITNESSES EXECUTORS—PARTIES.

1. In suits in equity, in the circuit court in the District of Columbia, depositions taken under the act of congress of 1789 [1 Stat. 73] cannot be read in evidence.

2. A letter directed to the agent of the opposite party at Chillicothe, and put into the post-office at Cincinnati on the 21st, informing him that the deposition of a certain witness would be taken at Cincinnati on the 28th of the same month, is not conclusive evidence of notice. if, in fact, the letter was not received until the 29th.

3. If, upon the return of depositions, the opposite party except "to the caption as well as to the substance of them," he may, at the hearing. even after the lapse of several years, specify his objections and insist upon them.

4. If, upon cross-examination of a witness, in taking his deposition, he appears to be interested, and therefore incompetent, the objection to his competency is not waived by pur-

suing the cross-examination upon the merits of the case.

5. Executors, who are parties in the cause, cannot be examined as witnesses, without an order of the court to examine them: and such an order will not be given. if they are interested in the event of the cause.

Bill in equity; set for hearing by the defendant, at March term, 1839. Certain depositions had been taken by the complainants [William M. Walker and others] under the 30th section of the judiciary act of September, 1789 (1 Stat. 73). Upon the opening of which in court,

Mr. Jones, for defendant [Daniel] Parker, made this memorandum upon the envelope, and filed the same with the depositions, to wit: "Note. Defendant Parker excepts to the caption as well as the substance of the depositions taken on the part of complainants, to wit: Longworth, Piatt, &c. &c."

Mr. Jones now objected to the depositions, because they were not taken absolutely under a commission from this court, but were taken de bene esse under the act of congress of 1789 (1 Stat. 73). The uniform practice of this court from its commencement. and of the court of chancery in Maryland long before that time, has been to take the evidence in causes in equity under a commission issued by the court; and never to examine witnesses vivâ voce in open court, unless to prove exhibits. A deposition de bene esse, under the act of congress, cannot be read at the hearing, if the witness can be had; and if he should be present, this court would not examine him vivâ voce; so that his testimony would be lost.

R. S. Coxe, contra. The judiciary act of 1789, § 30 (1 Stat. 73), expressly requires "that the mode of proof by oral testimony and examination of witnesses in open court, shall be the same in all the courts of the United States, as well in the trial of causes in equity, and of admiralty and maritime jurisdiction, as of actions at common law." And by the 25th rule of practice prescribed by the supreme court to the circuit courts of the United States, "testimony may be taken according to the acts of congress, or under a commission."

Mr. Jones, in reply. The 30th section of the judiciary act of 1789 (1 Stat. 73), has also this proviso: "That nothing herein shall be construed to prevent any court of the United States from granting a dedimus potestatem to take depositions according to common usage, when it may be necessary to prevent a failure, or delay of justice; which power they shall severally possess."

By the second section of the act of congress of the 8th of May, 1792 (1 Stat. 275), "for regulating processes," &c., it is enacted that the forms and modes of proceeding in suits "of equity," shall be "according to the principles, rules, and usages which belong to the courts of equity," "as distinguished from courts of common law; except so far as may have been provided for by the act to establish the judicial courts of the United States; subject, however, to such alterations and additions, as the said courts respectively shall, in their discretion, deem expedient; or to such regulations as the supreme court of the United States shall think proper, from time to time, by rule, to prescribe to any circuit or district court concerning the same." And by the 25th section of the act of 29th of April. 1802 (2 Stat. 156), "to amend the judicial system of the United States," it is enacted, "that in all suits in equity, it shall be in the discretion of the court, upon the request of either party, to order the testimony of the witnesses therein to be taken by depositions, which depositions shall be taken in conformity to the regulations prescribed by law for the courts of the highest jurisdiction in equity, in cases of a similar nature, in that state in which the court of the United States may be holden."

By the judiciary act of 1789, § 17 (1 Stat. 73), all the courts of the United States have power "to make and establish all necessary rules for the orderly conducting business in the said courts, provided such rules are not repugnant to the law of the United States."

THE COURT (nem. con.) was of opinion, that the depositions taken under the act of congress, cannot be read in evidence at the hearing; and observed that the uniform practice of this court, in cases of equity, has been to take the testimony by deposition under a commission. A deposition taken under the act of congress is only de bene esse, and cannot be used, if the witness is here; and if here, his testimony cannot, according to the practice of this court, be taken vivâ voce in open court.

Mr. Jones then objected to the depositions of ——, taken in Cincinnati on the 28th of November, 1827, under a commission to J. G. Burnet and William Burke; for want of notice to Mr. Scott, the defendant's counsel.

A written notice, signed by the commissioners, that the depositions of sundry persons would be taken by them at the mayor's office in Cincinnati, on the 28th of November, 1827, was put into the post-office in Cincinnati on the 21st, addressed to Mr. Scott at Chillicothe, but was not received by him until the 29th. The mail of the 21st, by its usual course reached Chillicothe on the evening of the 22d or 23d.

Mr. Key and Mr. Coxe, for the complainant, contended that this was notice; that it would be good notice to charge an indorsee, and a fortiori it is sufficient notice of taking a deposition.

Mr. Jones, in reply. That is a rule that applies to mercantile cases only, and depends upon commercial usages and principles, and the presumed assent of the party to receive notice in that way.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that it was not notice.

CRANCH, Chief Judge, said it could be

only presumptive evidence of notice, and that presumption is destroyed by the fact that the notice was not received until after the depositions were taken.

MORSELL, Circuit Judge, thought that the party had done all that was reasonable, all that he was bound to do; and Mr. Scott ought to have been there to receive the letter in time.

THRUSTON, Circuit Judge, said it was not a case to which the law-merchant applies, and therefore common-law notice was necessary.

Mr. Key and Mr. Coxe, for the complainant, objected to Mr. Jones now, after the lapse of several years, taking particular exceptions to the depositions, not specified at the time the depositions were returned and opened.

THE COURT, however, overruled the objection, and suffered Mr. Jones now to specify and insist upon his particular objections to the depositions. See Gres. Eq. Ev. (Phila. Ed. 1837) 155; Raym. Ch. Dig. 79.

Mr. Jones then objected to the depositions of Benjamin M. Piatt and Nicholas Longworth, that they were parties in the cause, and there was no order of the court to take their depositions; and that they were also parties in interest. That Longworth's deposition was never finished, on account of his ill health.

Mr. Key, contra. Longworth's deposition is complete; it does not appear that any interrogatories are not answered, or that either of the parties wished to put others.

As to the objection of interest, they are merely executors without any personal interest, and are mere nominal parties. The contest is between two contending assignees of John H. Piatt.

The defendant has waived the objection of interest by requiring these witnesses to be cross-examined upon the merits after the interest, if any, was disclosed, and no objection then made to their competency. The objection should have been taken at the time of the examination. U. S. v. One Case of Hair Pencils [Case No. 15,924]; Gres. Eq. Ev. 207.

Mr. Jones, in reply. There is a difference between an examination in open court, and before commissioners. If it be in open court, the moment the interest is discovered upon cross-examination, the court decides that the witness is incompetent, and his testimony is at once excluded. But upon an examination before commissioners, non constat that the court will reject the witness; the objection may be overruled, so that if the party should be precluded from further cross-examination before the commissioners, he would lose the benefit of cross-examining the witness. The cross-examination, therefore, ought to proceed de bene esse, to avail the party, in case his objection should be overruled; and to be rejected if the objection should prevail. A party can be examined as a witness, only

under an order of the court, and then only upon collateral matters.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion, that the defendants, the executors of John H. Piatt, were not competent witnesses, without an order of the court to examine them; and that they were interested, and therefore the court would not order their depositions to be taken. That the cross-examination of Piatt was not a waiver of the objection on account of his interest, although the cross-examination was continued after his interest was disclosed; the objection to the competency of the witness having been expressly saved by the agreement for the cross-examination.

By consent, the order for setting the cause for hearing was set aside, and new commissions issued for taking the testimony of the witnesses.